UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY SMITH<br>2314 Huntington Street<br>Philadelphia, PA 19125<br><br>        Plaintiff,<br><br>       v.<br><br>RYECO, LLC<br>6700 Essington Avenue<br>Philadelphia, PA 19153<br><br>        Defendant. | CIVIL ACTION NO<br>COMPLAINT WITH JURY DEMAND |

**CIVIL ACTION COMPLAINT**

Plaintiff Gregory Smith (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Ryeco, LLC (hereinafter "Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Defendant fired Plaintiff due to Plaintiff's use of a non-narcotic medication for his disability. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA.

3. This Court has jurisdiction over Plaintiff's state law claims because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has properly exhausted all required administrative remedies related to his ADA and PHRA claims prior to the filing of the instant suit.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant is a corporation that does business in Pennsylvania at the address set forth in the caption.

10. At all times relevant herein, Defendant acted through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. In or around June 2016, while working as a trucker loader for an unrelated employer, Plaintiff was diagnosed with bulging discs (hereinafter referred to as Plaintiff's "disability") resulting from lifting performed on the job.

13. Because of Plaintiff's disability, he suffers from chronic back pain, which causes Plaintiff difficulty sleeping, walking, and standing or sitting for long periods of time.

14. Plaintiff's doctor prescribed Naproxen, a non-narcotic medication, to treat his chronic back pain.

15. Naproxen completely eliminates Plaintiff's back pain.

16. Naproxen has been known to cause false positive results in drug tests.

17. Defendant hired Plaintiff on or around June 18, 2016, as a forklift operator.

18. During his interview for the position, Plaintiff informed Defendant's interviewer that he took Naproxen for chronic backpain, that same was a non-narcotic medication, and that Plaintiff's disability and medication did not affect his ability to perform his job in any way.

19. In or around early-September 2016, Defendant scheduled Plaintiff for a routine drug screening via a urine test that Defendant required all new employees to take.

20. The day before the scheduled test, Plaintiff reminded his manager, Kenny Colace (hereinafter "Manager Colace") that he took a non-narcotic medication for his disability.

21. Manager Colace offered to reschedule the drug test for the following day if Plaintiff could provide a note from his doctor showing that he had been prescribed Naproxen, as well as the prescription bottle.

22. Per Manager Colace's request, Plaintiff return to work the next day with the prescription bottle and a note from his doctor explaining his need to take Naproxen, and that it was a non-narcotic medication.

23. Plaintiff gave this note to both Manager Colace and Defendant's Vice President Filindo Colace (hereinafter "Vice President Colace").

24. Upon receipt of the prescription bottle and doctor's note, Manager Colace and Vice President Colace instructed Plaintiff to remain out of work until they could call his doctor and confirm the veracity of the note.

25. Thereafter, Defendant refused to communicate with Plaintiff again, despite Plaintiff's multiple attempts to follow-up with Defendant.

26. Plaintiff also attempted to have his prescribing physician contact Defendant directly, and Plaintiff obtained another note from his doctor explaining his need to take Naproxen.

27. Defendant, however, continued to avoid Plaintiff's attempts at contact and Plaintiff was thus unable to submit the new doctor's note to Defendant.

28. Plaintiff discovered that Defendant had fired him when he applied for welfare benefits, because Defendant had told the office that Plaintiff was fired because he refused a drug test.

29. Defendant's stated reason for Plaintiff's termination is pretext.

30. Plaintiff never refused to take the drug test and Defendant fired Plaintiff due to his disability

31. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
## Violations of the Americans with Disabilities Act ("ADA")
**(Disability Discrimination)**

32. The foregoing paragraphs are incorporated herein as if set forth in full.

33. At all times relevant hereto, Defendant was an "employer" within the meaning of the ADA.

34. At all times relevant hereto, Plaintiff's Medical Condition rendered him an individual with a disability under the ADA.

35. At all times relevant hereto, Plaintiff was perceived by Defendant to be suffering from a disability.

36. Defendant fired Plaintiff because he suffered from a disability and/or because Defendant perceived him as suffering from a disability.

37. As a result of Defendant's actions as described above, Defendant violated the ADA, causing Plaintiff to suffer damages.

### COUNT III
### Violations of the Pennsylvania Human Relations Act ("PHRA")
**(Disability Discrimination)**

38. The foregoing paragraphs are incorporated here, as if set forth in full.

39. At all times relevant herein, Defendant was an "employer" within the meaning of the PHRA.

40. At all times relevant herein, Plaintiff's Medical Condition rendered him an individual with a disability under the PHRA.

41. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

42. Defendant fired Plaintiff because he suffered from a disability and/or because Defendant perceived him as suffering from a disability.

43. As a result of Defendant's actions as described above, Defendant violated the PHRA, causing Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities, record of disabilities, perceived disabilities and/or record of perceived disabilities;

B.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.  Plaintiff is to be awarded punitive damages (as permitted by applicable law) and liquidated damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate; and

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F.  Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Richard Swartz*
Richard S. Swartz, Esq.
Carley A. Doyle, Esq.
1101 Kings Highway N., Ste. 402
Cherry Hill NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
*Attorney for Plaintiff*

Dated: April 17, 2018